UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **DARRYL HUNTER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CAUSE NO. 1:12-CV-71** |
| ) | |
| **WAL-MART STORES EAST, LP,** ) | |
| **d/b/a WAL-MART** ) | |
| ) | |
| **Defendant.** ) | |

### OPINION AND ORDER

This case was removed to this Court from the Allen Superior Court by Defendant based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 2.) The Notice of Removal, however, elicits concerns regarding the Court's subject matter jurisdiction.

The only asserted basis for subject matter jurisdiction in this case is diversity, which is present only if more than $75,000 is in controversy. 28 U.S.C. § 1332(a). The Court questions, however, whether the amount in controversy exceeds $75,000. The Court has a duty to ascertain whether the amount in controversy meets the jurisdictional amount, and, in determining whether the threshold is met, "the Court must evaluate 'the controversy described in the plaintiff's complaint and the record as a whole, as of the time the case was filed.'" *Saylor v. Boyd*, No. 11-cv-1072-DRH-SCW, 2012 WL 482389, at *1 (S.D. Ill. Feb. 14, 2012) (quoting *Uhl v. Thoroughbred Tech. & Telecomm., Inc.*, 309 F.3d 978, 983 (7th Cir. 2002)). Furthermore, a party that chooses federal court is required to set out the basis of federal jurisdiction. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006).

In the Complaint, Plaintiff Darryl Hunter alleges that, while he was a patron at a Wal-

1

Mart store in Fort Wayne, he slipped on liquid on the floor and fell.  (Compl. ¶¶ 3-4.)  Regarding damages, the Plaintiff alleges only that "[a]s a direct and proximate result of the negligent condition of Defendant's premises, Plaintiff has suffered severe injuries."  (Compl. ¶ 5.)  The Notice of Removal is similarly vague as to the amount in controversy, alleging simply that "[t]he amount in controversy also exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs."  (Notice of Removal ¶ 2.)  The record as a whole, including the vague assertion of "severe injuries" in the Complaint and the boilerplate allegation that the amount in controversy exceeds $75,000 in the Notice of Removal, does not indicate the extent or nature of the Plaintiff's injuries such that the Court can be satisfied that the jurisdictional amount has been met.  Moreover, because the Defendant removed this case to federal court, it bears the burden of adequately alleging the jurisdictional amount.  *See Meridian Sec. Ins. Co.*, 441 F.3d at 540.

      Accordingly, Defendant is ORDERED to supplement the record by filing an Amended Notice of Removal on or before March 15, 2012, including sufficient allegations establishing that the jurisdictional amount has been met.

      SO ORDERED.

      Enter for this 1st day of March, 2012.

                                                    /S/ Roger B. Cosbey
                                                    Roger B. Cosbey,
                                                    United States Magistrate Judge